UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| GARY D. WARICK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-146-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KENTUCKY JUSTICE AND PUBLIC ) | **& ORDER** |
| SAFETY CABINET, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

### Introduction

Gary D. Warick, an individual currently incarcerated in the Floyd County Detention Center, in Prestonsburg, Kentucky, has submitted a *pro se* civil rights Complaint under 42 U.S.C. § 1983, and has paid the $350.00 filing fee.

The Court is required to screen the Plaintiff's complaint before allowing it to proceed pursuant to 28 U.S.C. § 1915A(a). *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). For the purpose of this screening, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and Congress has mandated dismissal of any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(b). Plaintiff Warick's claims must be dismissed because they either seek relief from immune defendants or fail to state a claim upon which relief can be granted.

## Background

According to Warick's handwritten Complaint and the exhibits he attached to it, the following background facts form the basis for his current Complaint:

Warick was convicted in a Kentucky state court in 1997 and sentenced to 10 years imprisonment. He was paroled in November of 2001.

The genesis of his complaints arise from his time on parole. Warick claims that he obeyed the terms of his parole. He claims that he attended the scheduled interviews with his parole officer – Defendant Ella Anderson.

During one such interview, on April 16, 2002, Warick claims that Anderson told him that he had left the supervising area without permission, but she took no action "because she liked him." Apparently, Anderson then came to believe that on April 21, 2002, Warrick was arrested for alcohol intoxication, but Warick denied that he was the arrestee, and the charges were ultimately dismissed. Warick and Anderson discussed this arrest, but he complains that Anderson never followed up to investigate that issue. Rather, on May 6, 2008, she arrested him for seven (7) alleged parole violations including the alcohol intoxication charge.

At a preliminary revocation hearing, held May 13, 2002, Warick objected to being represented by his then-counsel, Public Advocate Kristi Gray. The Administrative Law Judge, Defendant Nancy Barber, did not give him substitute counsel, and thus, he chose to represent himself. Judge Barber found probable cause to believe that Warick violated his parole and referred all seven charges to the Chair of the Kentucky Parole Board for a parole violation

warrant and final revocation hearing.

That final revocation hearing was scheduled for June 6, 2002. At the beginning of the hearing, Warick sought a continuance because he claimed he did not receive sufficient notice of the hearing date and wanted to get another attorney. When these requests were denied, Warick refused to participate, and the hearing ended. Nonetheless, Warick was found guilty of violating the conditions of his parole, and his parole was revoked.

Proceeding *pro se*, Warick sought reconsideration, but upon reconsideration the Parole Board refused to change the findings or result. He then hired Attorney-Defendant Mike Hogan, who moved for a special hearing. On June 24, 2002, his motion for a special hearing was construed as a timely request for reconsideration, but the Board again found "no reason for review."

Proceeding *pro se* once more, Plaintiff turned to the Kentucky court system. In 2003 he petitioned, unsuccessfully, for mandamus relief in the circuit court, but he was successful upon his 2004 appeal to the Kentucky Court of Appeals.

According to the opinion issued in *Warick v. Kentucky Parole Board*, No. 2004-CA-000278-MR, 2007 WL 2142277 (Ky. App. July 27, 2007) (not reported), Warick claimed that (1) he was deprived of counsel at the preliminary revocation hearing, (2) he had not been provided with "ample notice" of the final hearing, and (3) the Board based its revocation decision on inappropriate grounds. The appellate court rejected the first of these claims, finding that the Plaintiff had no right to appointment of counsel of his choice under federal or state law. As to the second claim, the Court of Appeals noted that under federal law, a parolee is entitled to notice before a revocation hearing. The appellate court then combed the record for evidence of notice to

Warick, but found none. Under these unique circumstances, the court could not assume that procedural due process was complied with and remanded the matter for a new revocation hearing before the parole board. The court did not reach the third issue.

Plaintiff claims that on remand, the Circuit Court issued an Order for another hearing to the Parole Board, but by then he had already served out his sentence. On July 23, 2008, Plaintiff filed this action under 42 U.S.C. §1983, alleging that he "was unconstitutionally deprived of his physical liberty for five years," and demanding damages for his now being "mentally and physically sick," as a result of Defendants' actions.

## Discussion

Warick has filed claims against sixteen defendants. Some of these defendants are state entities, some are state officers in their individual or official capacities, some are not officers of the state at all. It is not necessary to get to the substance of many of Warick's claims because they must be dismissed on jurisdictional grounds alone. The easiest way to evaluate each claim is to consider them in groups based on the character of the defendant. Four initial groups are particularly helpful: Warick's attorneys, state agencies, state officers in their official capacity, and state officers in their individual capacity.

Warick's Attorneys

Warick has asserted claims against Mike Hogan, his attorney on his final request to the Parole Board for reconsideration, and Kristi Gray, the attorney appointed by the court to represent Warick in his parole revocation proceeding. Section 1983 suits can only be brought against individuals who are acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Though state

4

employment is usually sufficient to render someone a state actor, *West v. Atkins,* 487 U.S. 42, 49–50 (1988), neither of these two attorneys acted under the color of state law when they allegedly deprived Warick of his rights.

First, Defendant Hogan was employed privately by Warick. He was not appointed by the Commonwealth of Kentucky, nor was he a state employee. Accordingly, his actions representing Warick were not state actions and the claims against him must be dismissed. *See Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999) (stating that private attorneys are not acting under the color of state law within the meaning of Section 1983 just because they are officers of the court) (citations omitted); *Washington v. Brewer*, No. 91-1935, 1991 WL 243591, at *1 (6th Cir. Nov. 21, 1991) ("A privately retained attorney hired for the purpose of bringing a suit for monetary damages is not considered a state actor under 42 U.S.C. § 1983.").[1]

In contrast, the Commonwealth both appointed and employed Defendant Gray. Though state employment "is generally sufficient to render the defendant a state actor," *West,* 487 U.S. at 49–50, a defense attorney who is hired to represent a defendant or one who is appointed by the court for the purpose of providing representation during criminal proceedings is usually not considered a state actor under Section 1983. *See, e.g., Polk County v. Dodson,* 454 U.S. 312, 321 (1981). There are circumstances when a public defender or appointed counsel does act as a state actor – i.e., hiring and firing on behalf of the state, performing administrative functions, etc. – but when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" she does not act on behalf of the state. *Id.* at 325. Warick's claims relate solely to

---

[1] Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court considers such decisions for their persuasive value only. *See id.*

Gray's actions as his counsel. Thus, he fails to state a legally cognizable claim against Gray. Since neither Defendant Hogan nor Defendant Gray are subject to suit as state actors under Section 1983, the claims against them must be dismissed. *See Nash v. Cuyahoga Metro. Hous. Auth.*, No. 1:07-cv-3846, 2008 WL 495616, at *4 (N.D.Ohio Feb. 21, 2008) (slip op.) ("A defense attorney hired by the defendant or appointed by the court for the purpose of providing representation during criminal proceedings is not considered a state actor under 42 U.S.C. § 1983.").

State Agencies

Warick has also sought relief against four state agencies: The Kentucky Corrections Cabinet, Kentucky's Justice and Public Safety Cabinet, the Kentucky Department of Probation and Parole, and the Kentucky Parole Board. States are protected with sovereign immunity by the Eleventh Amendment of the U.S. Constitution, which bars suits in federal courts by private parties seeking damages that would be paid from the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Unless the state consents to be sued, a suit where the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity extends to state agencies and their officials when the "agency or institution can be characterized as an arm or alter ego of the state, or [when] it should be treated instead as a political subdivision of the state." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *see also Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 848 (6th Cir. 1988) (finding that the federal question of whether the Eleventh Amendment is applicable entails

consideration of the status of the state agency under state law). Furthermore, the Supreme Court has decided that neither a state nor its agencies are "persons" susceptible to being sued under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Quern*, 440 U.S. at 339–42; *see also Cowan v. Univ. of Louisville Sch. of Med.*, 900 F.2d 936, 940–41 (6th Cir. 1990).

The Kentucky Corrections Cabinet, Kentucky's Justice and Public Safety Cabinet, the Kentucky Department of Probation and Parole, and the Kentucky Parole Board are all State agencies, and a Judgment against any one of them would be satisfied from the State treasury. They are, therefore, entitled to immunity under the Eleventh Amendment and are not considered persons capable of being sued under Section 1983. Because they are protected from this suit, they must be dismissed as Defendants.

Official Capacity Claims

Warick asserts claims against Parole Officer Ella Anderson and Administrative Law Judge Nancy Barber in their official and individual capacities. Claims against individual Defendants in their official capacities are construed as claims against the entity for which they are agents. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citations omitted)); *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."). Thus, "a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71.

Both Defendant Anderson and Defendant Barber are state employees and any judgment against them in their official capacities would be satisfied from the state treasury. The claims against them, therefore, are construed as claims against the state. Since states are protected from such suits by the Eleventh Amendment, these official capacity claims are also barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, the claims against Defendants Anderson and Barber in their official capacities must be dismissed.

Warick also asserts claims against the Kentucky Department of Correction's George R. Million, Kentucky Department of Probation and Parole's Executive Director, Keith Hardison, Parole Board Chairman John Coy, and Parole Board members Lutitia F. Papailler, Laurrece Carter-Hatchett, Verman Ray Winburn, Frank DeRossett, James Provence, and Robert W. Milburn, Jr. without specifying whether these claims are against the Defendants in their individual or official capacities. Since claims against these state officers in their official capacities would be claims against the state and barred by the Eleventh Amendment, the Court liberally construes these claims to be claims against these Defendants in their individual capacities.

<u>Individual Capacity Claims</u>

In addition to the claims the Court is construing to be against the above-listed nine defendants in their individual capacities, Warick has also asserted claims against Defendant Anderson and Defendant Barber in their individual capacities. Other than Million and Hardison, the violations that Warick alleges each of these Defendants committed were judicial in nature and

8

were made in conjunction with their role in his parole revocation proceedings.

It is well settled that when judges are performing judicial functions they are absolutely immune from civil liability. *Stump v. Sparkman*, 435 U.S. 349, 363–64 (1978). This immunity has been extended to other officers when they perform judicial functions. *See Lawrence v. Welch*, 531 F.3d 364, 372–73 (6th Cir. 2008) (stating that persons performing judicial or quasi-judicial functions are entitled to absolute immunity). Judicial functions are those of "resolving disputes between parties or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478, 498 (1991). Specifically, judicial immunity has been extended to parole officers, administrative law judges, and parole board members in the performance of their duties when those duties are judicial in nature. *See Loggins v. Franklin*, 218 Fed.Appx. 466, 476 (6th Cir. 2007) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)) ("Federal officers, other than judges to whom a form of judicial immunity has been found to attach (quasi-judicial immunity) include hearing officers and administrative law judges."); *Silver v. Dickson*, 403 F.2d 642, 643 (9th Cir. 1968) (finding that parole board members are entitled to quasi-judicial immunity when they process applications for parole); *Morrow v. Igleburger*, 67 F.R.D 675, 682–83 (S.D. Ohio 1974) (discussing the application of qualified judicial immunity to probation officers and to parole officers and board members); *Robinson v. Largent*, 311 F. Supp. 1032, 1303–04 (E.D. Pa. 1970) (finding parole board members to be immune from suit based on quasi-judicial immunity); *Mann v. Snyder*, 300 F. Supp 1309, 1310 (E.D. Pa. 1969) ("The defendant [], a parole officer, is generally immune from liability for a delegated discretionary act performed within his official capacity.").

Warick alleges Parole Officer Anderson violated his rights when she arranged for Plaintiff's arrest for seven parole violations without doing appropriate validation of these

9

violations. When a probation officer evaluates an individual to determine whether he has violated the conditions of his probation, the officer is entitled to absolute judicial immunity from suit under Section 1983. *See Timson v. Wright*, 532 F.2d 552, 553 (6th Cir. 1976) (*per curiam*) (citing *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970) (*per curiam*) (preparing and submitting a report in a criminal action is a quasi-judicial function)). Though Defendant Anderson is a parole officer not a probation officer, she performed the same type of judicial function as a probation officer when she sought "to determine whether a [parolee] [wa]s complying with the terms of [parole]," entitling her to absolute judicial immunity. *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735, at *15 (6th Cir. Sept. 9, 1992) ("However, when a judge seeks to determine whether a defendant is complying with the terms of probation, the judge is performing a judicial function. . . . All of the same considerations that would apply to the judge apply to the probation officer."); *see Loggins*, 218 Fed.Appx. at 476; *Morrow*, 67 F.R.D. at 684 (discussing the application of qualified judicial immunity to parole and probation officers); *Mann*, 300 F. Supp at 1310 ("The defendant [], a parole officer, is generally immune from liability for a delegated discretionary act performed within his official capacity."). Though Anderson's actions may not have been ideal, they were part of her judicial responsibilities as a parole officer and as such she is entitled to immunity for those actions.

   Warick asserts claims against Defendant Barber for revoking his parole at his preliminary hearing. Barber, like Anderson, is entitled to absolute judicial immunity for her actions at the parole revocation hearing. All of her actions were judicial in nature. She conducted hearings, ruled on motions, heard testimony, and made a probable cause determination. Administrative law judges, like other judicial officers, are entitled to absolute judicial immunity when they take

actions which are judicial in nature. *Butz*, 438 U.S. at 513 ("Federal officers, other than judges to whom a form of judicial immunity has been found to attach (quasi-judicial immunity) include hearing officers and administrative law judges."). Thus, Barber is entitled to absolute judicial immunity.

Additionally, Warick asserts claims against the Parole Board Chairman Coy and its members Papailler, Carter-Hatchett, Winburn, DeRossett, Provence, and Milburn for their actions in finally revoking his parole. He claims they tolerated and failed to adequately review the improper actions of Defendant Barber and acted in violation of their own regulations, constituting an infringement on Warick's statutory due process rights. Further, Warick points to the finding by the Kentucky Court of Appeals that the Board failed to give Warick proper notice of the hearing, thus entitling him to a new hearing. Warick argues that this finding constitutes a finding that his due process rights were violated entitling him to damages under Section 1983. He further alleges that these violations amounted to willful and wanton indifference to his rights and constituted a violation of his right to due process.

Regardless of these alleged wrongs, the Parole Board Chairman and its members are entitled to absolute quasi-judicial immunity for "deciding whether to grant, deny or revoke parole." *Benner v. Mich. Parole Bd.*, No. 1:07-cv-569, 2008 WL 724778, at *1 (W.D. Mich. Mar. 17, 2008) (slip op.) (citing the decisions of seven circuits: the First, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits). The Sixth Circuit has not specifically evaluated whether parole board members are entitled to absolute judicial immunity, but "[m]ost circuits now hold that 'parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole.'" *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 588 (Ky. App. 1996) (quoting

*Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994)).

Furthermore, regardless of whether parole boards have been specifically noted as having a grant of absolute immunity, when they perform judicial functions they are entitled to quasi-judicial immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 810–11 (1982) (explaining that the judicial function requires absolute immunity and emphasizing that a functional analysis must be used to determine whether an officer is entitled to immunity). "[P]arole board officials perform functionally comparable tasks to those of judges when they engage in the parole decision process." *Belcher*, 917 S.W.2d at 588–89. Furthermore, "[t]hey have the duty to render impartial decisions in matters that evoke strong feelings because an individual's freedom is at stake." *Id.* at 589.

Here the parole board members authoritatively adjudicated Warick's rights. *See Balas*, 1992 WL 217735, at *13 (quoting *Burns v. Reed*, 500 U.S. 478, 498 (1991)). This decision-making process is precisely what judges do and thus is a judicial function. Warick did not complain of any actions on the part of the Board or its Chairman that were not related to its adjudication of the question of his parole revocation. As such, the Board members and Chairman are entitled to quasi-judicial immunity for those actions and the claims against them must be dismissed.

Finally, other than to say that Million "acted with actual malice toward the Plaintiff and with willful and wanton indifference to the deliberate disregard for the regulatory, statutory, and constitutional rights of Plaintiff Gary D.Warick," Warick does not allege any actions by Defendants Million or Hardison which violated his rights. To establish a right to relief under Section 1983, a plaintiff must plead and prove both that he has been deprived of rights secured by

the Constitution or laws of the United States and that the defendants allegedly depriving him of those rights acted under color of state law. *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Here Warick does not allege that these two Defendants engaged in any action which allegedly deprived him of his rights. As such, he has failed to state a claim against these two Defendants upon which relief could be granted. Accordingly, the claims against them must be dismissed.

## Conclusion

Accordingly, it is **ORDERED** that:

(1) Plaintiff does not state a claim on which relief can be granted against Defendants Hogan, Gray, Million, and Hardison, and accordingly, the claims against them are **DISMISSED**.

(2) The Kentucky Corrections Cabinet, Kentucky Justice and Public Safety Cabinet, Kentucky Department of Probation and Parole, and Kentucky Parole Board are entitled to sovereign immunity under the Eleventh Amendment, and accordingly, the claims against them are **DISMISSED**.

(3) The claims against Defendants Anderson and Barber in their official capacities are construed as claims against the state and barred by the Eleventh Amendment, and accordingly, the official capacity claims against them are **DISMISSED**.

(4) Defendants Barber, Anderson, Coy, Papailler, Carter-Hatchett, Winburn, DeRossett, Provence, and Milburn are entitled to absolute quasi-judicial immunity for their actions, and accordingly, the claims against them in their individual capacities are **DISMISSED**.

(5) Plaintiff's Motion for the Appointment of Counsel, R. 3, is **DENIED AS MOOT**.

(6) Since all claims have been dismissed, Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 26th day of September, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge